Opinions of the United States Court of Appeals for the Third Circuit



4-28-2006

# Young v. Hackensack

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4152

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Young v. Hackensack" (2006). *2006 Decisions.* Paper 1200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4152

_____

BRYANT YOUNG,
Appellant

v.

CITY OF HACKENSACK;
HACKENSACK POLICE OFFICERS
or Supervisory Police Officers
John or Jane Does 1-5

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 04-cv-02011)
District Judge:  Honorable William J. Martini

_____

Submitted Under Third Circuit LAR 34.1(a)
April 4, 2006

Before: ROTH, RENDELL and AMBRO, Circuit Judges.

(Filed April 28, 2006)

_____

OPINION OF THE COURT

_____

PER CURIAM

     Bryant Young appeals from the order of the United States District Court for the

District of New Jersey granting the defendants' motion for summary judgment in this

action brought under 42 U.S.C. § 1983.

The parties are familiar with the facts of the case, a summary of which is set forth in the District Court Opinion, and thus, we will not recount them here. In 2004, Young brought this action alleging that on May 3, 2002, officers of the New York and Hackensack Police Departments, in plain clothes, illegally entered his apartment and arrested him without a warrant or probable cause to arrest for aggravated harassment of a New York Police Officer. He was detained at the Bergen County Jail for six days and processed as a fugitive from justice. He claimed false arrest and imprisonment, cruel and unusual punishment, and failure of the municipality to properly select, train, supervise, or discipline, police officers, in violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. He also alleged state law claims of false arrest and imprisonment, intentional infliction of emotional distress, and negligent training/supervision.

The defendants moved for summary judgment, contending that Young failed to state a § 1983 violation with respect to any of his constitutional claims and failed to make out a prima facie case as to any of his state law claims. They also asserted that Young's negligence claim should be dismissed because Young had failed to give notice within ninety days of the accrual of his claim as required under the New Jersey Tort Claims Act.

Upon consideration of the parties' written submissions, the District Court granted summary judgment for the defendants. First, the District Court ruled that none of

Young's allegations stated a claim under the First, Fifth, or Sixth Amendment because: (1) the Complaint was completely devoid of any allegation of an infringement of a First Amendment right; (2) Young's Sixth Amendment right to a speedy trial did not attach because Young's case never went to trial, and his right to counsel was not violated because he admitted that he had access to counsel of his choice; and (3) the Fifth Amendment applies only to federal actors.[1]

As for Young's Fourth Amendment false arrest and imprisonment claims, the District Court held that the defendants had probable cause to arrest based on the facially valid New York warrant. It rejected Young's challenges to the warrant, ruling that (1) Young failed to create a genuine dispute of material fact with respect to the facial validity of the warrant; (2) contrary to Young's assertions, the warrant did not indicate that the offense charged was a felony; and (3) because the New York warrant was facially valid, the defendants properly relied on it. With respect to Young's cruel and unusual punishment claim, the District Court held that, absent any allegations or evidence of physical or psychological injuries, his arrest and pre-trial detention did not give rise to a constitutional violation.[2] The District Court also rejected Young's assertion that his

---

[1] Young conceded that his First, Fifth, and Sixth Amendment claims were groundless and agreed to dismiss them at his deposition. See Defendant's motion for summary judgment, Certification of Deena Rosendahl, Esq., Exh. "I," at 131-32.

[2] We note that, due to Young's status as a pretrial detainee, his claim of cruel and unusual punishment would be cognizable under the due process clause rather than the Eighth Amendment.

constitutional rights were violated because he was processed as a fugitive.

Turning to Young's equal protection claim, the District Court held that there was no record evidence that the defendants treated Young differently because of his race or ethnicity and that his claim that the defendants discriminated against him because he was not a police officer failed to state an equal protection violation. The District Court also held that Young failed to state a claim of municipality liability, absent any evidence of a policy or practice of discrimination.

The District Court held in the alternative that the defendants were entitled to qualified immunity from liability because it was objectively reasonable for them to believe that probable cause existed to arrest Young based on a facially valid New York warrant. Finally, the District Court denied Young's claims under the New Jersey State Tort Claims Act as time-barred.

Young filed a timely notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over an order granting summary judgment. See Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 (3d Cir. 1990). As is well understood, summary judgment is granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmoving party and we draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997). We will affirm for

4

substantially the same reasons set forth in the District Court's opinion. On appeal, Young reiterates his contention that the New York warrant was not facially valid because it was merely a warrant investigation report. He also asserts for the first time that there was no affidavit setting forth probable cause. We agree with the District Court that the New York warrant appears on its face to be valid. The warrant is based on a sworn criminal complaint filed in the New York court, it is duly signed by a judge, and its contents, although minimal, are sufficient to establish probable cause to arrest for aggravated harassment in the second degree. See N.Y. Penal Law § 240.30.

We have thoroughly reviewed the remaining arguments made on appeal and find them to be meritless.

Accordingly, we will affirm the order of the District Court.